UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HAROLD WATERS,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. 3:18-cv-00448<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## **REPORT AND RECOMMENDATION**

By order entered May 24, 2018, the Court granted pro se Plaintiff Harold Waters's motion to proceed in forma pauperis and referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1) to dispose or recommend disposition of any pretrial motions. (Doc. No. 4.) Because Waters has not filed an amended complaint in compliance with the Court's May 29, 2018 order, or taken any action since he filed his complaint, the Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b). (Doc. No. 6.)

**I.    Factual and Procedural Background**

Plaintiff Harold Waters initiated this lawsuit on May 29, 2018 by filing a blank form complaint, to which he attached a letter from the Social Security Administration denying his request for review of an Administrative Law Judge's decision that apparently denied him Social Security benefits. (Doc. No. 1.) On the same day, the Court ordered Waters to file an amended complaint if he wanted to appeal any denial of benefits and warned him that failure to do so within

twenty-one days—or, at the very least, to request an extension of time to do so—could result in the dismissal of his lawsuit for failure to prosecute. (Doc. No. 6, PageID# 27–28.) The Court directed the Clerk of Court to send Waters a blank AO Form Complaint for Review of Social Security Decision. (*Id.* at PageID# 27.) However, Waters has not filed an amended complaint or done anything to express a continued interest in pursuing this action since it was filed.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. at 626).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction"

that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

**III.    Analysis**

There is no reason to believe that Waters's failure to prosecute this lawsuit is driven by bad faith, but he is at fault for failing to comply with the Court's May 29, 2018 order. *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (M.D. Mich. Feb. 8, 2017). Waters was ordered to file an amended complaint by June 19, 2018 that "completely responds to the questions on the form provided [by the Clerk's Office], to the best of his ability," or to request an extension of time to file an amended complaint; he did neither and has not taken any other action to prosecute this lawsuit. (Doc. No. 6, PageID# 27.)

The less-drastic sanction of dismissal without prejudice is appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). Dismissal without prejudice best addresses all of the interests of this litigation.

**IV.     Recommendation**

Given the lack of activity in this case since Waters filed his complaint on May 11, 2018, and his failure to respond to the Court's order, the Magistrate Judge RECOMMENDS that this lawsuit be DISMISSED WITHOUT PREJUDICE under Federal Rule 41(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 4th day of October, 2018.

.

                                                 ALISTAIR E. NEWBERN
                                                 United States Magistrate Judge